# EXHIBIT 2

## Operative Complaint

017373.0005 4868-1263-7135.2

STATE OF INDIANA
HAMILTON SUPERIOR COURT 3

| | |
|---|---|
| MATTHEW MCAFEE, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DRAFTKINGS INC.,<br><br>Defendant. | CAUSE NO. |

## CLASS ACTION COMPLAINT

Plaintiff Matthew McAfee, by counsel, for his Class Action Complaint, states:

### I.  INTRODUCTION

1. Plaintiff Matthew McAfee files this cause of action on behalf of himself and all other similarly situated in the State of Indiana who had winning bets placed and accepted on the October 24, 2023, Lakers versus Nuggets basketball game that were subsequently canceled by DraftKings for purported obvious error. The winning bets were not timely canceled and should have been paid. Plaintiff's Class Action Complaint states claims for violation of the Deceptive Consumer Sales Act and breach of contract.

### II.  PARTIES

2. Plaintiff Matthew McAfee is a natural person residing in Indianapolis, Indiana.

3. Defendant DraftKings Inc. is a for-profit foreign corporation with its principal place of business in Boston, Massachusettes.

### III.  STATEMENT OF FACTS

4. On October 24, 2023, Mr. McAfee placed a $100 seven-leg same game parlay bet with DraftKings on the October 24, 2023, Lakers versus Nuggets basketball game (hereinafter "the Bet").

5. The Bet was accepted.

6. The seven legs were:

    a. Michael Porter Jr. to score more than 5.5 points;

    b. Anthony Davis to score more than 9.5 points;

    c. Austin Reaves to score more than 4.5 points;

    d. D'Angelo Russell to score more than 4.5 points;

    e. Jamal Murry to score more than 7.5 points;

    f. LeBron James to score more than 8.5 points; and

    g. Nikola Jokic to score more than 9.5 points.

7. If all the legs hit, the Bet paid $150,000.

8. According to DraftKings, the points on each leg were erroneously low for a full game market.

9. DraftKings learned of the purported "error" before the game began.

10. DraftKings could have—but did not—cancel the Bet prior to the start of the game.

11. DraftKings could have—but did not—cancel the Bet prior to it becoming apparent that all the legs had hit.

12. DraftKings could have—but did not—cancel the Bet prior to the end of the game.

13. All the legs hit, and the Bet was a wining bet.

14. DraftKings canceled the Bet the next day.

15. DraftKings did not pay the Bet.

## IV. CLAIMS FOR RELIEF

### A. Indiana Deceptive Consumer Sales Act – Incurable Deceptive Act

16. Mr. McAfee repeats, re-alleges and incorporates by reference the preceding paragraphs.

17. DraftKings violated the Deceptive Consumer Sales Act, particularly I.C. § 24-5-0.5-3(a); the violations include, but are not limited to:

    a. Canceling the Bet;

    b. Failing to pay the Bet;

    c. Failing to pay the Bet in the time required by Indiana law;

    d. Canceling the Bet after the start of the contest when DraftKings had the information and ability to cancel the bet prior to the start of the contest;

    e. Canceling the Bet after it became apparent that all the legs had hit when DraftKings had the information and ability to cancel the bet prior to it becoming apparent that all the legs had hit;

    f. Canceling the Bet after the end of the contest when DraftKings had the information and ability to cancel the bet prior to the end of the contest;

    g. Canceling the Bet after it had won when DraftKings had the information and ability to cancel the bet prior to the Bet winning;

    h. Having a practice of waiting to see if a bet won or lost before canceling a bet.

18. The foregoing acts and omissions are incurable deceptive acts under I.C. § 24-5-0.5-2(a)(8).

19. The foregoing acts and omissions are willful deceptive acts under I.C. § 24-5-0.5-4(a).

20. Mr. McAfee is entitled to his damages, treble damages, attorney fees, costs and all other proper relief for DraftKings' violation of the Indiana Deceptive Consumer Sales Act.

### B. Indiana Deceptive Consumer Sales Act – Uncured Deceptive Act

21. Mr. McAfee repeats, re-alleges and incorporates by reference the preceding paragraphs.

22. DraftKings violated the Deceptive Consumer Sales Act, particularly I.C. § 24-5-0.5-3(a); the violations include, but are not limited to:

    a. Canceling the Bet;

    b. Failing to pay the Bet;

    c. Failing to pay the Bet in the time required by Indiana law;

    d. Canceling the Bet after the start of the contest when DraftKings had the information and ability to cancel the bet prior to the start of the contest;

    e. Canceling the Bet after it became apparent that all the legs had hit when DraftKings had the information and ability to cancel the bet prior to it becoming apparent that all the legs had hit;

    f. Canceling the Bet after the end of the contest when DraftKings had the information and ability to cancel the bet prior to the end of the contest;

    g. Canceling the Bet after it had won when DraftKings had the information and ability to cancel the bet prior to the Bet winning;

4

    h. Having a practice of waiting to see if a bet won or lost before canceling a bet.

23. The foregoing acts and omissions are uncured deceptive acts under I.C. § 24-5-0.5-2(a)(7).

24. A copy of the notice required by Indiana Code § 24-5-0.5-5(a)(2) for bringing an uncured deceptive act is attached as Exhibit A; no offer to cure was made in response to Exhibit A.

25. The foregoing acts and omissions are willful deceptive acts under I.C. § 24-5-0.5-4(a).

26. Mr. McAfee is entitled to his damages, treble damages, attorney fees, costs and all other proper relief for DraftKings' violation of the Indiana Deceptive Consumer Sales Act.

### C. Breach of Contract

27. Mr. McAfee repeats, re-alleges and incorporates by reference the preceding paragraphs.

28. The Bet was a contract between DraftKings and Mr. McAfee.

29. DraftKings breached the contract when it failed to timely pay Mr. McAfee after the Bet won.

30. Mr. McAfee is entitled to his damages and all other proper relief for DraftKings' breach of contract.

### D. Class Allegations

31. Mr. McAfee brings this action on behalf of himself and all persons similarly situated in the State of Indiana who placed a winning bet on the October 24, 2023,

5

Lakers versus Nuggets basketball game that was subsequently canceled by DraftKings for purported obvious error.

32. This lawsuit seeks a determination by the Court that DraftKings breached its contracts with the class members and violated the Deceptive Consumer Sale Act and for an award of actual and statutory damages, treble and exemplary damages, interest, attorney fees and costs for all members of the class.

33. The class members are so numerous that joinder is impracticable. The proposed class consists of more than 30 persons.

34. Mr. McAfee's claim is typical of the proposed class. Common questions of law or fact raised by this class action affect all members of the proposed class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

35. The prosecution of separate actions by individual members of the proposed classes would create a risk of inconsistent or varying adjudications with respect to the individual members of the proposed classes, and a risk that any adjudications with respect to individual members of the proposed classes would, as a practical matter, either be dispositive of the interests of other members of the proposed classes not a party to the adjudication, or substantially impair or impede their ability to protect their interests.

36. Mr. McAfee will fairly and adequately protect and represent the proposed class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require

extended contact with the members of the proposed class because DraftKings' conduct was perpetrated on all members of the proposed class in the same way for the same purported reason and will be established by common proof. Moreover, Mr. McAfee has retained counsel with extensive experience in the Deceptive Consumer Sales Act and class action litigation.

WHEREFORE, Mr. McAfee respectfully requests that the Court grant the following relief:

A. Certify the Class;

B. Appoint Mr. McAfee as Class Representative of the Class and his attorney as Class Counsel;

C. Find that DraftKings violated the Deceptive Consumer Sales Act and breached its contracts with the Class members;

D. Enter judgment in favor of Mr. McAfee and the Class and against DraftKings for actual and statutory damages, treble and exemplary damages, interest, attorney fees and costs;

E. Award Mr. McAfee a service award for his participation as Class Representative; and

F. All such additional relief as the Court deems appropriate and just.

Respectfully submitted,

*/s/ Robert E. Duff*
Robert E. Duff, Atty No. 16392-06
Indiana Consumer Law Group
P.O. Box 7251
Fishers, IN 46037
800-817-0461
robert@robertdufflaw.com

## **JURY TRIAL REQUEST**

Mr. McAfee requests a trial by jury.

*/s/ Robert E. Duff*
Robert E. Duff

Case 1:24-cv-01168-JPH-MJD 29D03-2406-CT-006326 07/11/24 Page 10 of 11 PageID Filed: 6/10/2024 4:04 PM #:58 Clerk
Hamilton Superior Court 3 Hamilton County, Indiana

Exhibit A

**Indiana Consumer Law Group**
*The Law Office of Robert E. Duff*

December 27, 2023

DraftKings Inc.
c/o CT Corporation System
334 North Senate Avenue
Indianapolis, IN 46204

Dear DraftKings Inc.,

Please be advised that I represent Matthew McAfee.

As you know, Mr. McAfee placed a winning wager (638337762525554875) on the October 24, 2023, basketball game between the Lakers and the Nuggets. His wager was to pay $150,100. You voided the bet some time after the end of the game and have refused to pay Mr. McAfee the money he is owed.

You were aware of a potential issue with the odds before the game even started. Rather than voiding all improvidently accepted bets immediately, you waited to see whether the bets won or lost before deciding which bets to void so that you could keep the bets that did not win. That is not fair.

Critically, you waited until after the end of the contest to void Mr. McAfee's bet. That was too late.

This letter is providing you notice of a deceptive act as required by Indiana Code § 24-5-0.5-5(a). The deceptive acts (Indiana Code § 24-5-0.5-3 makes it a deceptive act to commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction) you committed include:

1. Failing to pay a winning wager (unfair omission);
2. Voiding a bet after the start of the contest when you had the information and ability to void the bet prior to the start of the contest (unfair act);
3. Voiding a bet after the end of the contest when you had the information and ability to void the bet prior to the conclusion of the contest (unfair act);
4. Having a practice of waiting to see if a bet won or lost before voiding the bet (unfair practice).

As a result of these deceptive acts, my client has suffered actual damages in the amount of the unpaid winnings ($150,000).

You are hereby advised to gather and store all evidence relevant to the aforementioned violations. Such evidence may include, but not be limited to:

1. E-mails, internal communications, notes or other records, electronic or otherwise, regarding Mr. McAfee;
2. E-mails, internal communications, notes or other records, electronic or otherwise, regarding the 10/24/23 Lakers vs. Nuggets game;
3. E-mails, recordings, notes or other records, electronic or otherwise, regarding communications with your odds vendor about the 10/24/23 Lakers vs. Nuggets game;
4. E-mails, recordings, notes or other records, electronic or otherwise, regarding communications with any outside entity about the 10/24/23 Lakers vs. Nuggets game;
5. E-mails, recordings, notes or other records, electronic or otherwise, regarding communications with the Indiana Gaming Commission about the 10/24/23 Lakers vs. Nuggets game;
6. E-mails, recordings, notes or other records, electronic or otherwise, regarding communications with any and all state gaming commissions about the 10/24/23 Lakers vs. Nuggets game;
7. All records concerning the purported "incorrect odds" offered on the 10/24/23 Lakers vs. Nuggets game;
8. All records concerning any bet made in the United States on the 10/24/23 Lakers v. Nuggets game that involved markets impacted by the "incorrect odds;"
9. All records concerning the voiding of any bet made in the United States on the 10/24/23 Lakers v. Nuggets game that involved markets impacted by the "incorrect odds;"
10. Any other records, e-mails, recordings or evidence that you believe are relevant to the aforementioned alleged deceptive acts.

Your failure to preserve these items will result in claims of spoliation made against you in any subsequent litigation.

Sincerely,

s/ *Robert E. Duff*

Robert E. Duff