# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| MATTHEW MCAFEE, on behalf of himself and all others similarly situated, | Case No. 1:24-cv-01168-JPH-MJD |
| Plaintiff, | Removed from: Hamilton County Superior 3 |
| DRAFTKINGS, INC. | Cause No. 29D03-2406-CT-006326 |
| Defendant. | |

## DEFENDANT'S ANSWER TO CLASS ACTION COMPLAINT

Defendant DraftKings Inc. ("DraftKings") hereby answers the allegations in the Class Action Complaint filed by Plaintiff Matthew McAfee ("Plaintiff"), and further asserts the affirmative defenses set forth below. For each of Plaintiff's allegations, if an allegation is not specifically admitted below, it is hereby denied. To the extent it is necessary to deny allegations contained in headings within Plaintiff's Complaint, DraftKings denies those allegations, and denies that Plaintiff is entitled to relief.

### I. INTRODUCTION

1. Defendant admits only that Plaintiff has purported to file this action on behalf of himself and on behalf of a class. Except as expressly admitted herein, Defendant denies each and every allegation contained in Paragraph 1.

### II. PARTIES

2. Defendant lacks knowledge or information as to Plaintiff's residence and therefore denies.

3. Defendant admits the allegations contained in Paragraph 3.

### III. STATEMENT OF FACTS

4. Defendant admits the allegations contained in Paragraph 4.

5. Defendant admits only that the Bet was accepted (in Error).

6. Defendant admits that the seven-leg parlay identified in Paragraph 4 of the Complaint consisted of the legs identified in Paragraph 6(a)-(g). Except as expressly admitted, Defendant denies each and every allegation contained in Paragraph 6.

7. Defendant denies each and every allegation contained in Paragraph 7.

8. Defendant admits the allegations contained in Paragraph 8.

9. DraftKings admits that it learned of the Error before the October 24, 2023 Lakers versus Nuggets basketball game (the "Game") began. Except as expressly admitted, Defendant denies each and every allegation contained in Paragraph 9.

10. Defendant admits only that it did not cancel the Bet prior to the start of the Game. Except as expressly admitted, Defendant denies each and every allegation contained in Paragraph 10.

11. Defendant admits only that it did not cancel the Bet prior to all legs of the parlay hitting. Except as expressly admitted, Defendant denies each and every allegation contained in Paragraph 11.

12. Defendant admits only that it did not cancel the Bet prior to the end of the Game. Except as expressly admitted, Defendant denies each and every allegation contained in Paragraph 12.

13. Defendant denies each and every allegation contained in Paragraph 13.

14. Defendant denies each and every allegation contained in Paragraph 14.

15. Defendant admits that it did not pay the Bet because it was voided for obvious error pursuant to Defendant's House Rules and Terms of Use. Except as expressly admitted, Defendant denies each and every allegation contained in Paragraph 15.

### IV. CLAIMS FOR RELIEF

**A. Indiana Deceptive Consumer Sales Act – Incurable Deceptive Act**

16. No response needed. The Deceptive Consumer Sales Act ("DCSA") claim has been dismissed with prejudice.

17. No response needed. The DCSA claim has been dismissed with prejudice.

18. No response needed. The DCSA claim has been dismissed with prejudice.

19. No response needed. The DCSA claim has been dismissed with prejudice.

20. No response needed. The DCSA claim has been dismissed with prejudice.

**B. Indiana Deceptive Consumer Sales Act – Uncured Deceptive Act**

21. No response needed. The DCSA claim has been dismissed with prejudice.

22. No response needed. The DCSA claim has been dismissed with prejudice.

23. No response needed. The DCSA claim has been dismissed with prejudice.

24. No response needed. The DCSA claim has been dismissed with prejudice.

25. No response needed. The DCSA claim has been dismissed with prejudice.

26. No response needed. The DCSA claim has been dismissed with prejudice.

**C. Breach of Contract**

27. Defendant incorporates its responses to all preceding paragraphs as if fully set forth herein.

28. Defendant denies each and every allegation contained in Paragraph 28.

29. Defendant denies each and every allegation contained in Paragraph 29.

30. Defendant denies each and every allegation contained in Paragraph 30.

### D. Class Allegations

31. Defendant states that the allegations in Paragraph 31 consist entirely of legal conclusions, to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained in Paragraph 31.

32. Defendant states that the allegations in Paragraph 32 consist entirely of legal conclusions, to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained in Paragraph 32.

33. Defendant states that the allegations in Paragraph 33 consist entirely of legal conclusions, to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained in Paragraph 33.

34. Defendant states that the allegations in Paragraph 34 consist entirely of legal conclusions, to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained in Paragraph 34.

35. Defendant states that the allegations in Paragraph 35 consist entirely of legal conclusions, to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained in Paragraph 35.

36. Defendant states that the allegations in Paragraph 36 consist entirely of legal conclusions, to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained in Paragraph 36.

### PLAINTIFF'S PRAYER FOR RELIEF

As to Plaintiff's Prayer for Relief, Defendant denies that Plaintiff is entitled to any relief whatsoever, including the relief that he seeks in his Complaint.

## AFFIRMATIVE DEFENSES

The claims are barred, in whole or in part, because the allegations in the Complaint fail to state a claim upon which relief may be granted. Defendant reserves the right to assert additional affirmative defenses that discovery indicates are proper. Defendant has not yet completed discovery of all allegations related to the subject matter of the Complaint and, accordingly, reserves the right to amend, modify, and revise the affirmative defenses stated below, including the right to plead additional defenses or take any such other actions that are proper and necessary. Defendant further states that, to the extent that any affirmative defenses pled herein are contradictory, mutually exclusive, or otherwise inconsistent, then Defendant pleads such contradictory, mutually exclusive, or otherwise inconsistent affirmative defenses in the alternative.[1]

## FIRST AFFIRMATIVE DEFENSE

### (Release)

Plaintiff is barred, in whole or in part, from prosecuting the purported causes of action set forth in the Complaint because Plaintiff agreed to contract provisions releasing Defendant from liability. Plaintiff agreed to the Terms of Use and the House Rules upon creating his DraftKings Sportsbook account, and those Terms of

---

[1] For all defenses alleged here, "**Terms of Use**" shall refer to the DraftKings Indiana Terms of Use and all terms and conditions incorporated therein. A copy of the Terms of Use was previously attached as Exhibit A to the Affidavit of Franklin S. Krbechek In Support of Defendant DraftKings Inc.'s Motion to Dismiss Class Action Complaint and Motion to Strike (filed on August 14, 2024). "**House Rules**" shall refer to the DraftKings Sportsbook House Rules. A copy of the House Rules was previously attached as Exhibit B to the Affidavit of Franklin S. Krbechek In Support of Defendant DraftKings Inc.'s Motion to Dismiss Class Action Complaint and Motion to Strike (filed on August 14, 2024)."**Error**" refers to contractual definition of an error set forth in House Rule 2.1.

Use and House Rules govern this dispute. Specifically, House Rules 5.4 provides that if an Error occurs, including an Error related to the setting of odds related to a wager, then Defendant may void a wager at its discretion. Defendant exercised its contractual rights to void Plaintiff's wager as there was an Error associated with the odds offered to Plaintiff. Defendant is thus released from any liability.

## SECOND AFFIRMATIVE DEFENSE

### (Waiver/Consent)

Plaintiff is barred, in whole or in part, from prosecuting the purported causes of action set forth in the Complaint as he waived and/or consented to the challenged conduct. Plaintiff agreed to the Terms of Use and the House Rules upon creating his DraftKings Sportsbook account, and those Terms of Use and House Rules govern this dispute. Specifically, House Rule 5.4 and 2.1 provide that if an Error occurs—including Errors related to the setting of odds—then Defendant may void a wager at its discretion. By agreeing to those provisions, Plaintiff waived any challenge to Defendant's decision to void Plaintiff's wager after discovering an Error associated with the odds offered to Plaintiff.

## THIRD AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiff is estopped, in whole or in part, from prosecuting the purported causes of action set forth in the Complaint. As a condition of using Defendant's platform, Plaintiff agreed to the Terms of Use and the House Rules upon creating his DraftKings Sportsbook Account. House Rule 5.4 and 2.1 provide that if an Error

occurs—including Errors related to the setting of odds—then Defendant may void a wager at its discretion. Plaintiff expressly and implicitly represented to Defendant that he would comply with the terms of the House Rules and Terms of Use, including by agreeing to be bound by those provisions when registering his account with Defendant and repeatedly placing wagers on Defendant's platform subject to those contractual provisions. By agreeing to be bound by those agreements, Plaintiff is estopped from raising any challenge to Defendant's decision to void Plaintiff's wager after discovering an Error associated with the odds offered to Plaintiff.

## **FOURTH AFFIRMATIVE DEFENSE**

### **(Acceptance of Benefits)**

Plaintiff is barred, in whole or in part, from prosecuting the purported causes of action set forth in the Complaint under the doctrine of acceptance of benefits. Plaintiff accepted the benefit of using Defendant's online platform, including accepting the benefit derived from placing wagers on that platform, the chance to receiving winnings associated with those wagers, and the refund of his $100 parlay wager. By accepting those benefits, Plaintiff was also bound by the rules and contractual provisions governing the placement of wagers, including the Terms of Use and House Rules. Those agreements provide, among other things, that if an Error occurs, including an Error related to the setting of odds related to a wager, then Defendant may void a user's wager at its discretion. Because Plaintiff accepted the benefit and associated rules governing the use of Defendant's platform, he cannot

simultaneously challenge Defendant's decision to exercise its contractual right to void Plaintiff's wager after discovering an Error associated with the odds in his wager.

**FIFTH AFFIRMATIVE DEFENSE**

**(Assumption of Risk)**

Plaintiff is precluded, in whole or in part, from prosecuting the purported causes of action set forth in the Complaint because Plaintiff knowingly accepted the risk that an Error may arise related to the odds associated with any wager. That risk was disclosed to Plaintiff in several ways, including but not limited to Defendant's House Rule 2.1 and 5.4, which expressly warn that Errors may occur and that Defendant may void wagers due to such Errors.

**SIXTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

Plaintiff is precluded, in whole or in part, from prosecuting the purported causes of action set forth in the Complaint to the extent that he engaged in any inequitable, unfair, or bad faith conduct against Defendant.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Ratification)**

Plaintiff is precluded, in whole or in part, from prosecuting the purported causes of action in the Complaint to the extent that he took actions to ratify the conduct complained of in his Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

### (Preemption)

Indiana law preempts any attempt by Plaintiff to challenge Defendant's decision to void his wager. Among other things, Indiana code 4-38-5-6 provides: "A certificate holder or vendor may not cancel a wager that has been accepted, except in the event of obvious error, at the certificate holder's or vendor's discretion." Indiana Administrative Code 27-2-12 provides: "A sports wagering operator may, in its discretion, cancel an accepted wager for obvious error as set forth in Indiana Code section 4-38-5-6. 'Obvious error' shall be defined in the sports wagering operator's house rules." Any challenge to Defendant's ability to void Plaintiff's wager is precluded under Indiana law.

## NINTH AFFIRMATIVE DEFENSE

### (Justification/Privilege)

Plaintiff is precluded, in whole or in part, from prosecuting the purported causes of action set forth in the Complaint because Defendant's voiding of Plaintiff's wager was justified and/or privileged. Indiana Code 4-38-5-6 provides: "A certificate holder or vendor may not cancel a wager that has been accepted, except in the event of obvious error, at the certificate holder's or vendor's discretion." Indiana Administrative Code 27-2-12 provides: "A sports wagering operator may, in its discretion, cancel an accepted wager for obvious error as set forth in Indiana Code section 4-38-5-6. 'Obvious error' shall be defined in the sports wagering operator's

house rules." Any challenge to Defendant's ability to void Plaintiff's wager is justified and/or privileged under Indiana law.

## TENTH AFFIRMATIVE DEFENSE

### (Extinguishment of Obligations)

Plaintiff is precluded, in whole or in part, from prosecuting the purported causes of action set forth in the Complaint under the doctrine of extinguishment of obligation. All of Defendant's obligations to Plaintiff related to his wager were extinguished because Defendant's conduct was permitted by its House Rules, the Terms of Use, and Indiana Code 4-38-5-6 and Indiana Administrative Code 27-2-12.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Offset/Setoff)

Plaintiff's claims for damages and any other monetary recovery are barred by the doctrine of "offset" or "setoff". Notably, Defendant has already refunded to Plaintiff the amount of his wager, and any claim of recovery that Plaintiff may seek must be offset by that amount.

## TWELFTH AFFIRMATIVE DEFENSE

### (No Damages)

Plaintiff's claims for damages and any other monetary recovery are barred because Defendant has already refunded Plaintiff's wager.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

Plaintiff is precluded, in whole or in part, from prosecuting the purported causes of action set forth in the Complaint under the doctrine of accord and satisfaction because Defendant has refunded Plaintiff's wager. Such payment satisfies any alleged obligation that Defendant has to Plaintiff, and under the House Rules, Terms of Use, and Indiana Code 4-38-5-6 and Indiana Administrative Code 27-2-12. Plaintiff is not entitled to any further payment related to his voided wager.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Novation)

Plaintiff's breach of contract claim is barred by the doctrine of novation. To the extent that Plaintiff premises his claim on the breach of a contract other than the Terms of Use and House Rules, that purported agreement (to the extent it exists) was superseded by the written version of the House Rules and Terms of Use that Plaintiff agreed to be bound by.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Statute of Frauds)

Plaintiff's breach of contract claim is barred by the statute of frauds to the extent that Plaintiff alleges the breach of any purported oral agreement that was required to be memorialized in writing.

## SIXTEENTH AFFIRMATIVE DEFENSE

**(Adequate Remedy at Law)**

Plaintiff's claims for equitable relief are barred to the extent that Plaintiff can establish that he has an adequate remedy at law.

## DEFENDANT'S PRAYER FOR RELIEF

**WHEREFORE**, Defendant prays for relief as follows: (a) that Plaintiff take nothing by reasons of his Complaint, and that judgment be entered against Plaintiff and in favor of Defendant; (b) that Defendant be awarded all costs and expenses it incurred in litigation this action; (c) that Plaintiff's jury demand be stricken; and (d) that Defendant be granted such other and further relief as the Court may deem just and proper.

Dated: February 21, 2025 */s/ Philip R. Zimmerly*
Philip R. Zimmerly (#30217-06)
Dakota C. Slaughter (#37582-29)
BOSE MCKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
(317) 684-5000 (phone); (317) 684-5173 (fax)
PZimmerly@boselaw.com
DSlaughter@boselaw.com

Richard R. Patch (*pro hac vice*)
Rees F. Morgan (*pro hac vice*)
Emlyn Mandel (*pro hac vice*)
Franklin Krbechek (*pro hac vice*)
COBLENTZ PATCH DUFFY & BASS LLP
One Montgomery Street, Suite 3000
San Francisco, CA 94104-5500
Telephone: 415.391.4800
Facsimile: 415.989.1663
Email: ef-rrp@cpdb.com

ef-rfm@cpdb.com<br>
ef-erm@cpdb.com<br>
ef-fsk@cpdb.com

Counsel for Defendant
DRAFTKINGS INC.

## CERTIFICATE OF SERVICE

I certify that on February 21, 2025, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

Robert E. Duff
Indiana Consumer Law Group
robert@robertdufflaw.com

*Counsel for Plaintiff*

*/s/ Philip R. Zimmerly*