UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MATTHEW MCAFEE, on behalf of himself and all others similarly situated, | ) <br> ) Case No. 1:24-cv-01168-JPH-MJD <br> ) |
| Plaintiff, | ) Removed from: <br> ) Hamilton County Superior 3 |
| DRAFTKINGS, INC. | ) Cause No. 29D03-2406-CT-006326 <br> ) |
| Defendant. | ) <br> ) <br> ) |

**DEFENDANT'S AMENDED OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

## I.     INTRODUCTION

Defendant DraftKings, Inc. ("DraftKings") respectfully submits that opposing class certification at this time is premature because (1) the pending motion for class certification is largely premised upon claims that have been dismissed; and (2) Plaintiff Matthew McAfee ("Plaintiff") is seeking to amend his complaint in order to radically change the nature of his claims and the associated relief that he would seek on a class-wide basis. Indeed, in his Motion for Leave to File First Amended Complaint (the "Motion to Amend"), Plaintiff attempts to plead his DCSA claims under a completely new theory that contradicts the position that Plaintiff himself made when opposing DraftKings' Motion to Dismiss. DraftKings will oppose the Motion to Amend. But while that motion is pending, ruling on class certification is premature. The Court must first determine what claims Plaintiff can even allege

before it evaluates if those claims can proceed on a class-wide basis.[1] Doing so is important not merely to conserve judicial resources, but also to prevent prejudice to DraftKings.

In his Motion For Class Certification ("Class Certification Motion"), Plaintiff insisted that he could certify a class of consumers largely based on alleged violations of the DCSA. *See* ECF No. 62. At the time, Plaintiff asserted, among other things, that his DCSA claims could proceed *without* showing that any consumer detrimentally relied on DraftKings' purported conduct. The Court disagreed and dismissed Plaintiff's DCSA claims. *See* ECF No. 81. Rather than accept that decision, Plaintiff is now attempting to amend his Complaint to introduce a completely *new* theory of DCSA liability based on *new* alleged deceptive acts; a theory which Plaintiff himself disclaimed needing to show. *See* ECF No. 82. Indeed, though he expressly and repeatedly denied any need to do so before, Plaintiff asserts for the first time in his Motion to Amend that he *did* detrimentally rely on DraftKings' alleged conduct. Despite the about-face in his theory of the case, Plaintiff has never once sought to update his class-certification theories. As a result,

---

[1] In recognition of that fact, Plaintiff did not oppose DraftKings' Motion for Extension of Time to File Responses to Complaint and Motion for Class Certification ("Motion to Extend"). *See* ECF No. 83. In that motion, DraftKings requested an extension to submit its opposition brief pending the Court's resolution of Plaintiff's Motion to Amend, which was filed on February 12, 2025 and is still pending before the Court. Given that Plaintiff assented to a delay of any determination on class certification, it would be an unnecessary waste of judicial resources and fees to proceed here.

Plaintiff's Class Certification Motion is premised entirely on outmoded theories of the case.

DraftKings should not have to litigate class certification on shifting sands, nor should the Court be forced to expend judicial resources on class certification grounds that may be rendered moot. Rather, while DraftKings opposes Plaintiff's Motion to Amend, the Court should extend DraftKings' time to file a substantive response to Plaintiff's Class Certification Motion until after the Court decides the propriety of Plaintiff's amended Complaint. Doing so will allow DraftKings to prepare a focused response to Plaintiff's Class Certification Motion once the pleadings are settled, conserve judicial resources, and streamline class-certification proceedings along the way.

## II. BACKGROUND

The Court has consistently phased the case schedule so that any uncertainty regarding the pleadings would be resolved before the parties fully brief class certification. In its Case Management Order, the Court required that any motion to amend the pleadings be filed by no later than October 4, 2024. ECF No. 33 at 3. Plaintiff did not file any motion to amend the pleadings before that date. After that deadline passed, Plaintiff was then required to file his class-certification motion by November 12, 2024. *See id.*

On August 14, 2024, DraftKings moved to dismiss Plaintiff's Complaint under Federal Rules of Civil Procedure 9(b) and 12(b)(6). *See* ECF No. 30. In November 2024, while that motion was pending, Plaintiff filed his Class

Certification Motion without seeking to amend his Complaint. *See* ECF No. 62. Plaintiff sought to certify a class of Indiana customers, premising his request on allegations that DraftKings breached contractual obligations and violated the DCSA. *See id.* In both his Complaint and his Opposition to DraftKings' Motion to Dismiss, Plaintiff repeatedly and expressly insisted that he did not have to show any evidence that he relied on allegedly false or misleading statements made by DraftKings to support his DCSA claims. *See* ECF No. 46.

DraftKings opposed Plaintiff's Class Certification Motion. ECF No. 72. DraftKings noted that it was premature to evaluate Plaintiff's motion while the Court's decision on DraftKings' Motion to Dismiss was pending. *See id.*

On February 7, 2025, the Court dismissed Plaintiff's DCSA claims. *See* ECF No. 81. The Court noted that, contrary to Plaintiff's insistence, detrimental reliance was a required element of the DCSA, and the Complaint failed to allege any reliance on DraftKings' purported conduct. *See id.* The Court allowed DraftKings to file an amended opposition to Plaintiff's Class Certification Motion by February 24, 2025. *Id.* at 8–9. It did not grant Plaintiff leave to submit an amended complaint. *See id.*

Despite the Court's order, on February 12, 2025, Plaintiff submitted his Motion to Amend, seeking leave to amend his DCSA claims. ECF No. 82. In that Motion to Amend, Plaintiff omitted all of his previously-pled deceptive acts and asserted—despite not including them beforehand—that DraftKings committed new deceptive acts and that he in fact detrimentally relied on DraftKings' conduct.

DraftKings will oppose Plaintiff's request, as it disputes the validity of these amendments. However, before its response to the Motion to Amend is due on February 26, 2025, and consistent with the Court's prior guidance,[2] DraftKings filed its unopposed Motion to Extend. *See* ECF No. 83. In the Motion to Extend, DraftKings requested that any opposition to class-certification be due 14 days after the Court issues a decision regarding Plaintiff's Motion to Amend. *See id.* As of this filing, the Court has not yet ruled on DraftKings' unopposed Motion to Extend.

### III. ARGUMENT

The Court should defer a ruling on Plaintiff's Motion for Class Certification until after it decides Plaintiff's Motion to Amend and DraftKings has an opportunity to oppose class certification to the claims that remain in this case, consistent with the relief sought in its Motion to Extend. As the Seventh Circuit recognized, it can be "especially appropriate" to resolve "threshold question[s]" about the sufficiency of the pleadings before class certification. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 874 n.4 (7th Cir. 2012). As a result, numerous courts in this Circuit regularly attempt to resolve any uncertainty regarding the scope of the pleadings before deciding whether a class should be certified. *See id.*; *Wilcosky v. Amazon.com, Inc.*, No. 19-CV-05061, 2023 WL 11824850, at *2 (N.D. Ill. July 21, 2023) (staying class-certification proceedings until defendant's motion to dismiss and plaintiff's motion to amend were decided);

---

[2] The Court noted that if "DraftKings had believed that a response on the merits was premature," it should file a motion for extension for time to avoid waiver of any merits arguments in opposition to class certification. *See* ECF No. 81 n. 9.

*Trahan v. Interactive Intel. Grp., Inc.,* 308 F. Supp. 3d 977, 982 n.3 (S.D. Ind. 2018) (finding it appropriate to decide 12(b)(6) motion ahead of class certification motion); *Haehl v. Wash. Mut. Bank*, *F.A.*, 277 F. Supp. 2d 933, 934 n.1 (S.D. Ind. 2003) (same).

Here, it is critical that DraftKings knows "what the operative complaint in this matter" is and "which claims remain in the case" before submitting its class-certification opposition. *See Wilcosky*, 2023 WL 11824850, at *3. Plaintiff's Class Certification Motion is premised on his original Complaint, which rested on a breach of contract claim and two DCSA claims. The motion combines all of Plaintiff's claims together, without any explanation of how Plaintiff could seek class-wide relief on each specific claim. *See* ECF No. 46. Now, since the Court dismissed his originally pled DCSA claims, Plaintiff has shifted his theory to a new claim, seeking leave to amend his complaint based on his assertion that he can assert detrimental reliance. *See* ECF No. 82.

DraftKings should not be forced to oppose a motion based on a complaint that has largely been dismissed, particularly where Plaintiff himself refuses to stick to one theory of the case. Without such clarity, numerous, "threshold" class-certification issues are still left pending. *McReynolds*, 694 F.3d at 874 n.4. At a minimum, it is still uncertain what "common" issues Plaintiff will seek to certify a class on under Rule 23(a). If Plaintiff merely seeks to certify a class on his contract claim, his Class Certification Motion fails to explain how such a class could be certified premised on that claim. *See* ECF No. 62. Further, assuming that Plaintiff's

new DCSA claims are properly pled—and they are not—then DraftKings may have to prepare new class-certification defenses premised on Plaintiff's novel theory of detrimental reliance. For example, DraftKings may have to base its opposition on showing that individual issues may predominate in determining if DraftKings' practices were "deceptive," or defenses questioning if Plaintiff is an adequate representative for his DCSA claims. Given these circumstances, DraftKings cannot be expected to oppose class certification now. The Court should first determine if Plaintiffs' new DCSA claims will be allowed to proceed before requiring that DraftKings oppose class certification.

To do so, and consistent with the practice in this Circuit, this Court should extend the class-certification briefing schedule pursuant to DraftKings' Motion to Extend until after a decision is made on Plaintiff's Motion to Amend. Doing so would allow the Court to clarify the scope of claims at issue and DraftKings to prepare a focused response to the Class Certification Motion. Such an extension may save the Court from reviewing briefing or arguments that may be mooted by its decision on the Motion to Amend, and no prejudice would result. Plaintiff does not oppose such an extension, and indeed, the Case Management Order has long contemplated that class certification be briefed after any amendments to the Complaint are made. *See* ECF No. 30.

### III. CONCLUSION

For the foregoing reasons, DraftKings respectfully requests that the Court grant its unopposed Motion to Extend (ECF No. 82) and move the deadline to file an amended opposition to Plaintiff's Class Certification Motion to 14 days after the Court issues a decision regarding Plaintiff's Motion to Amend. In the alternative, given the stage of the proceedings, the Court should deny the pending motion to certify a class as premature, given that it is premised upon a complaint that has been largely dismissed and that the actual class at issue is still unclear.


Dated: February 24, 2025　　　　　*/s/ Philip R. Zimmerly*
　　　　　　　　　　　　　　　　　Philip R. Zimmerly (#30217-06)
　　　　　　　　　　　　　　　　　Dakota C. Slaughter (#37582-29)
　　　　　　　　　　　　　　　　　BOSE MCKINNEY & EVANS LLP
　　　　　　　　　　　　　　　　　111 Monument Circle, Suite 2700
　　　　　　　　　　　　　　　　　Indianapolis, IN 46204
　　　　　　　　　　　　　　　　　(317) 684-5000 (phone); (317) 684-5173 (fax)
　　　　　　　　　　　　　　　　　PZimmerly@boselaw.com
　　　　　　　　　　　　　　　　　DSlaughter@boselaw.com

　　　　　　　　　　　　　　　　　Richard R. Patch (*pro hac vice*)
　　　　　　　　　　　　　　　　　Rees F. Morgan (*pro hac vice*)
　　　　　　　　　　　　　　　　　Emlyn Mandel (*pro hac vice*)
　　　　　　　　　　　　　　　　　Franklin Krbechek (*pro hac vice*)
　　　　　　　　　　　　　　　　　COBLENTZ PATCH DUFFY & BASS LLP
　　　　　　　　　　　　　　　　　One Montgomery Street, Suite 3000
　　　　　　　　　　　　　　　　　San Francisco, CA 94104-5500
　　　　　　　　　　　　　　　　　Telephone: 415.391.4800
　　　　　　　　　　　　　　　　　Facsimile: 415.989.1663
　　　　　　　　　　　　　　　　　Email: ef-rrp@cpdb.com
　　　　　　　　　　　　　　　　　　　　　ef-rfm@cpdb.com
　　　　　　　　　　　　　　　　　　　　　ef-erm@cpdb.com
　　　　　　　　　　　　　　　　　　　　　ef-fsk@cpdb.com

　　　　　　　　　　　　　　　　　Counsel for Defendant
　　　　　　　　　　　　　　　　　DRAFTKINGS INC.

## **CERTIFICATE OF SERVICE**

I certify that on February 24, 2025, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

Robert E. Duff
Indiana Consumer Law Group
robert@robertdufflaw.com

*Counsel for Plaintiff*

*/s/ Philip R. Zimmerly*