UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MATTHEW MCAFEE on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> DRAFTKINGS, INC., <br><br> Defendant. | ) ) ) ) ) ) ) No. 1:24-cv-01168-JPH-MJD ) ) ) ) ) |

**ORDER DENYING MOTION FOR LEAVE TO AMEND**

Matthew McAfee seeks leave to file an amended complaint to plead Indiana Deceptive Consumer Sales Act claims that the Court previously dismissed. Dkt. 82; *see* dkt. 81. Because Mr. McAfee has not shown good cause for an amendment after the deadline for seeking leave to amend, his motion to amend is **DENIED**. Dkt. [82].

**I.
Background**

In October 2023, DraftKings cancelled a bet that Mr. McAfee had won on a basketball game between the Los Angeles Lakers and the Denver Nuggets. Dkt. 1-2 at 2–3. Mr. McAfee then brought this action in Indiana state court alleging that DraftKings's cancellation breached a contract between them and violated Indiana's Deceptive Consumer Sales Act ("DCSA"). *See id.* DraftKings removed the case to this Court, dkt. 1, and filed a motion to dismiss, dkt. 30. The Court then set an October 4, 2024, deadline for "[a]ll motions for leave to amend the pleadings." Dkt. 33 at 3.

1

In February 2025, the Court granted DraftKings's motion to dismiss the DCSA claim because DCSA claims require detrimental reliance, which Mr. McAfee conceded was absent. Dkt. 81; *see* dkt. 46 at 10–13. The next week, Mr. McAfee filed a motion to amend his complaint to plead detrimental reliance. Dkt. 82. DraftKings opposes the motion for leave to amend, arguing that it is untimely, prejudicial, and futile. Dkt. 88.

## II.
## Motion to Amend Standard

Under Federal Rule of Civil Procedure 15(a)(2), the "court should freely give leave to amend when justice so requires." *See Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015). However, when a motion for leave to amend is untimely, courts should "apply the heightened good-cause standard of Rule 16(b)(4) before considering whether the requirements of Rule 15(a)(2) [are] satisfied." *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011). "In making a Rule 16(b) good-cause determination, the primary consideration for district courts is the diligence of the party seeking amendment." *Alioto*, 651 F.3d at 720.

## III.
## Analysis

The Court's October 4, 2024, deadline for motions to amend the pleadings "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see* dkt. 33 at 3. Because Mr. McAfee sought leave to amend more than four months after that deadline, he must satisfy Rule 16(b)'s good cause standard. *See Allen v. Brown Advisory, LLC*, 41 F.4th 843, 852 (7th

2

Cir. 2022) ("A district judge is entitled [to] apply Rule 16(b)(4)'s heightened standard before turning to Rule 15(a); failure to satisfy either rule is fatal to the motion to amend."). The "primary consideration" in the good-cause determination "is the diligence of the party seeking amendment." *Alioto*, 651 F.3d at 720.

Mr. McAfee argues that he has shown good cause by seeking leave to amend "just five days" after the Court's dismissal of his DCSA claim. Dkt. 82 at 2. DraftKings responds that Mr. McAfee could have amended his complaint before the deadline and that it would be prejudiced if the amendment were allowed now. Dkt. 88 at 17–20.

Here, Mr. McAfee was not diligent in seeking leave to amend before the deadline. When DraftKings filed its motion to dismiss his complaint, Mr. McAfee had the opportunity to evaluate whether he wanted to amend his complaint in response. *See* Fed. R. Civ. P. 15(a)(1)(B); *Alioto*, 651 F.3d at 720 ("The requirements for surviving a motion to dismiss are matters of hornbook civil procedure law, and a party should always ask itself whether the complaint it wants to file sets out a viable claim."). He chose not to amend and opposed dismissal by arguing that detrimental reliance was not required and indeed was "impossible." Dkt. 46 at 10–13.[1] Mr. McAfee was thus aware of issues surrounding detrimental reliance "[a]s the deadline to amend approached . . . yet he did not move to amend or seek an extension of the deadline to do so."

---

[1] Mr. McAfee also did not raise the possibility of an amendment in his opposition to DraftKings's motion to dismiss, which was filed shortly before the deadline for seeking leave to amend. *See* dkt. 46.

*Allen*, 41 F.4th at 853.

This is not to say that Mr. McAfee had to credit DraftKings's arguments in the motion to dismiss.  *See Pension Tr. Fund for Op. Eng'rs. v. Kohl's Corp.*, 895 F.3d 933, 942 (7th Cir. 2018) ("A litigant need not take the opposing side's legal position as gospel; indeed, it frequently would be unwise to do so.").  Before the deadline to amend passes, a plaintiff may be "entitled to wait and see if any pleading problems the court might find could be corrected."  *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (addressing a Rule 15 denial of leave to amend).  But here, it's not clear why Mr. McAfee needed to wait—detrimental reliance is a fact question that turns on his own response to DraftKings's actions, so he "had all the information he needed" for any amendment "much earlier in the litigation."  *Cage v. Harper*, 42 F.4th 734, 743 (7th Cir. 2022).

Regardless, Mr. McAfee did nothing about the deadline for seeking leave to amend before it expired, so his motion is subject to Rule 16's "heightened good-cause standard."  *Alioto*, 651 F.3d at 719.  Mr. McAfee thus took himself outside Rule 15(a)'s "general rule" that a plaintiff "should be given at least one opportunity to try to amend her complaint."  *Runnion*, 786 F.3d at 519; *see Bausch*, 630 F.3d at 562.  Rule 16(b)'s "good cause" standard applies instead, yet Mr. McAfee "in silence watche[d the] deadline pass even though he ha[d] good reason to act or seek an extension of the deadline."  *Allen*, 41 F.4th at 853.

Allowing Mr. McAfee's proposed amendment would also prejudice DraftKings. *See id.* ("[P]rejudice is more likely when an amendment comes late in the litigation and will drive the proceedings in a new direction."). Mr. McAfee had expressly disclaimed detrimental reliance, *see* dkt. 46 at 10–13, and has already been deposed, dkt. 88-1. Four months after the deadline to seek leave to amend is therefore too late for Mr. McAfee to change course without having asked for the time to amend to be extended. *See Johnson v. Cypress Hill*, 641 F.3d 867, 873 (7th Cir. 2011) ("[T]here must be a point at which a plaintiff makes a commitment to the theory of his case."). So regardless of whether the amendment would be futile, "inserting these issues into the case so late in the day would" prejudice DraftKings "by driving the litigation in a new direction" with most discovery complete and when this case should be focused on class-certification issues. *Allen*, 41 F.4th at 854; *see McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 687 (7th Cir. 2014) (affirming denial of leave to amend based on prejudice concerns because "[p]leading is not like playing darts: a plaintiff can't keep throwing claims at the board until she gets one that hits the mark.").

For these reasons, Mr. McAfee has not shown "good cause" to extend the deadline to file a motion for leave to amend. Fed. R. Civ. P. 16(b)(4); *Allen*, 41 F.4th at 853.[2] The motion is therefore denied.

---

[2] Because the Court resolves the motion under Fed. R. Civ. P. 16, it does not consider whether amendment would be allowed under Fed. R. Civ. P. 15. *Alioto*, 651 F.3d at 719.

# IV.
# Conclusion

Mr. McAfee's motion for leave to amend the complaint is **DENIED**. Dkt. [82]. Mr. McAfee has "concede[d] that it may make sense for [him] to file an amended class certification brief following" the ruling on the motion to amend. Dkt. 92 at 3. The Court therefore **DENIES without prejudice** his motion for class certification. Dkt. [62]. DraftKings's motion for extension of time is **DENIED as moot**. Dkt. [83].

**SO ORDERED.**

Date: 5/9/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel